INDERLIED v. HONEYWELL.

(Supreme Court, Appellate Division, Third Department.   November 11, 1903.)

1. FRAUD—PLEADING.
    A complaint merely alleging false representations by defendant's agent as to the amount due on a first mortgage on property bought by plaintiff, without alleging that he knew their falsity or intended to deceive, is an insufficient pleading of fraud.

2. SAME—PLEADING AND PROOF.
    Judgment for plaintiff cannot be sustained, though the evidence shows fraud of defendant, the facts alleged by the complaint not constituting fraud.

3. COVENANTS—BREACH.
    A purchaser of property cannot recover as for breach of warranty as to the amount due on a mortgage thereon, foreclosure not having been attempted, and he not having been disturbed in his possession.

4. FRAUD—RIGHT TO RECOVER.
    A purchaser at foreclosure of a second mortgage cannot recover because of fraudulent representations as to the amount due on the first mortgage, made by the holder of the two mortgages; the representations, if constituting a cause of action, estopping such holder to claim more on foreclosure of the first mortgage than was represented as due thereon.

Appeal from Trial Term, Delaware County.

Action by E. C. Inderlied against James R. Honeywell, receiver. From a judgment for plaintiff, defendant appeals. Reversed.

In the complaint in the action it is alleged that the defendant is the receiver of the Delaware Loan & Trust Company, a domestic corporation which was formerly doing business in the village of Walton, N. Y.; that the said trust company was the owner of two mortgages upon the property of one Grant, situate at Rock Rift, Delaware county. The first mortgage was for $1,775, as the principal sum, and the second mortgage was for about the sum of $600. This second mortgage was foreclosed, and upon the foreclosure sale this plaintiff purchased the same; having paid the amount of the second mortgage, together with the costs of the action. Prior to the purchase upon that sale, he inquired of one George T. Warner, to whom he was referred by the attorney for the trust company, as to the amount due upon the first mortgage, and was told that $1,800 was due thereupon. After the sale he discovered that at that time there was $1,937 due upon that first mortgage, instead of $1,800, as was represented to him by the said Warner. He thereafter made an exchange of the property for some other property. He alleges that this representation by Warner was false and untrue, and the prayer of the complaint is for damages to the amount of $137, the difference between the amount represented to be due and which was actually due upon the first mortgage at the time of the foreclosure. At the time of the trial, evidence was offered as to such representation, as to the purchase, and some evidence as to the authority of Warner to act for the trust company. At the close of the trial both parties stated that there was no question of

¶ 1. See Fraud, vol. 23, Cent. Dig. §§ 39, 40.

fact for the jury, and the trial court directed a verdict for the plaintiff for the full amount claimed. From the judgment entered upon this verdict, this appeal has been taken.

Argued before PARKER, P. J., and SMITH, CHASE, and CHESTER, JJ.

T. Anderson, for appellant.
C. L. Andrus, for respondent.

SMITH, J. I am unable to discover any principle of law upon which this judgment can be supported. It is nowhere alleged in the complaint that these representations were made by Warner with knowledge of their falsity, or with intent to deceive. Without such allegations, no cause of action for fraud is alleged. The allegation of a false representation is no more than an allegation that the representation was untrue. A false representation may be innocently made. It is unnecessary to discuss, therefore, whether, if a cause of action for fraud were alleged, the proof adduced is sufficient to sustain the same. The judgment must accord not only with the proof, but with the pleadings.

Nor can this judgment be sustained as a recovery upon contract. The complaint alleges that the trust company, through its agent, publicly stated, represented, and warranted that the sum of $1,800 only was due upon the first mortgage. If this were true, it is difficult to see how recovery could be had until the purchaser has been disturbed in his possession through a claim of a greater amount as due upon the first mortgage. Without ever having been disturbed in his possession—the foreclosure of the first mortgage not having been attempted in any way—no recovery can be sustained, as based upon any covenant of warranty as to the amount due upon the first mortgage.

I have assumed, without holding, that Warner was authorized to make a representation as to the amount due upon the first mortgage. If Warner had authority to speak for the trust company, and the plaintiff was induced to act upon the sale by false representations made by him, the trust company might well, in some cases, be held estopped, upon the foreclosure of the mortgage, to claim more than was represented to be due thereupon. If the representations are not sufficient to create an estoppel, they are certainly insufficient to create a cause of action. If the purchaser have a defense to the mortgage beyond the amount claimed to be due, a serious question is presented, whether this plaintiff has been in any way harmed, even if the representations had been fraudulently made. I know of no principle of law under which the defendant can be compelled to pay over to the plaintiff the difference in the amount which was then due upon the mortgage and the amount represented to be due, at least in the absence of allegation and proof of actual fraud on the part of the trust company.

The judgment should therefore be reversed and the complaint dismissed, with costs. All concur.